**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 95-2710**

———————

PATSY DARNELL, as next friend and Guardian of
Cecil Curtis Hammonds,

Plaintiff - Appellant,

versus

DARRELL MCMURRAY, Sheriff Scott County
Sheriff's Department; ED JOHNSON, Virginia
State Police; M. A. SPIVEY, Virginia State
Police; JERRY BROADWATER, Sheriff of Scott
County in his official capacity only,

Defendants - Appellees,

and

JAMES P. BLEDSOE; UNKNOWN MEMBERS VIRGINIA
STATE POLICE; UNKNOWN MEMBERS SCOTT COUNTY
SHERIFF,

Defendants.

———————

Appeal from the United States District Court for the Western
District of Virginia, at Big Stone Gap. Glen M. Williams, Senior
District Judge. (CA-91-61-B)

———————

Argued: May 6, 1996                    Decided: June 13, 1996

———————

Before MURNAGHAN, WILLIAMS, and MOTZ, Circuit Judges.

———————

———————

Affirmed by unpublished per curiam opinion.

———————

**ARGUED:** Thomas Lee Rasnic, RASNIC & RASNIC, Jonesville, Virginia, for Appellant. Peter Robert Messitt, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Appellees. **ON BRIEF:** James S. Gilmore, III, Attorney General of Virginia, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia; Beth Osborne Skinner, WOODWARD, MILES & FLANNAGAN, P.C., Bristol, Virginia; Henry Keuling-Stout, KEULING-STOUT & BRADSHAW, Big Stone Gap, Virginia, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In November 1989, Virginia law enforcement officials were notified that Cecil Curtis Hammonds, who was known to suffer from some type of mental impairment,[*] had threatened a family member's life with a shotgun. After obtaining a Civil Mental Temporary Detention Order from a Virginia Special Justice, the officials went to Hammonds's residence in order to detain him. When the officials arrived, Hammonds appeared on his porch, shotgun in hand, then disappeared into his home and refused repeated requests to surrender. Several hours later, after Hammonds had continued to refuse to emerge from his home, the officers began to use tear gas in an effort to force Hammonds to exit. Hammonds responded by firing his shotgun at the officers. Only after an officer had suffered a gunshot wound in his neck and shoulder and after a fire had erupted in Hammonds's home as a result of the use of flammable tear gas, did Hammonds surrender.

Appellant Patsy Darnell, acting as Hammonds's next friend and guardian, filed a claim under 42 U.S.C. § 1983 in the United States District Court for the Western District of Virginia against several of the officials, contending that Hammonds's rights under the Fourth Amendment and Virginia law had been violated. A motion for summary judgment followed and was granted in the defendants' favor.

---

[*] A psychiatrist who examined Hammonds immediately following his detention testified that he believed Hammonds suffered from either acute schizophrenia or a manic-depressive disorder.

We have thoroughly reviewed the opinion of the district court and are satisfied that the grant of summary judgment was proper.

Accordingly, the judgment is

AFFIRMED.